IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SKY MIGUEL LITTLE COYOTE, | CV-19-00085-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| YELLOWSTONE COUNTY DETENTION FACILITY, YELLOWSTONE COUNTY SHERIFF'S OFFICE, MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, and REGION 9 OF THE STATE PUBLIC DEFENDERS OFFICE, | |
| Defendants. | |

Plaintiff Sky Little Coyote filed a Complaint (Doc. 2) pursuant to 42 U.S.C. § 1983 claiming violations of human rights, civil liberties, and medical rights but he provided no factual allegations in support of these allegations. The Court screened Mr. Little Coyote's claims pursuant to 28 U.S.C. § 1915 and § 1915A and determined that Mr. Little Coyote had not named a proper defendant and the Complaint, as currently plead, failed to state a claim upon which relief may be granted and was subject to dismissal. Mr. Little Coyote was given an opportunity to file an amended complaint. (Doc. 8.)

Mr. Little Coyote then filed five supplements to the Complaint (Doc. 11, 19, 26, 27, 32), three notices (Docs. 12, 13, 23), a response to the Court's Order to

Amend (Doc. 15), four Motions to Appoint Counsel (Docs. 16, 18, 24, 31), a

Motion for Immediate Transfer (Doc. 17), an Amended Complaint (Doc. 20), a

Motion regarding his legal mail (Doc. 21), and a Motion for Order (Doc. 25.)  In

total, Mr. Little Coyote submitted over 240 pages of allegations and motions which

the Court screened and again found that Mr. Little Coyote had failed to name a

proper defendant and as such his case was subject to dismissal.  (Doc. 33.)

Thereafter, the Court gave Mr. Little Coyote two extensions of time to file

an amended complaint (Docs. 37, 39) but he has failed to do so.  Although the

Court cannot say with certainty that amendment of Mr. Little Coyote's claims

would be futile, a court may deny leave to amend where the plaintiff has had prior

opportunities to amend and failed to cure the deficiencies and/or further

amendment would be futile.  *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003

(9th Cir. 2010).  Mr. Little Coyote has been given multiple opportunities to correct

the deficiencies noted by the Court and he failed to do so.  Accordingly, this matter

should be dismissed for failure to name a proper defendant.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED.

2.  The Clerk of Court should be directed to close this matter and enter

judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.   The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Little Coyote may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.  This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of October, 2020.

_____
Timothy J. Cavan
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Little Coyote is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.